# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1693

_____

United States of America,

              Appellee,

v.

Gary Briscoe, Jr.,

              Appellant.

Appeal from the United States
District Court for the
Northern District of Iowa.

_____

Submitted: October 8, 2002
Filed: January 30, 2003

_____

Before HANSEN, Chief Judge, HEANEY and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

HANSEN, Circuit Judge.

After the district court[1] denied his motion to suppress evidence seized pursuant to a search warrant, Gary Briscoe, Jr. conditionally pleaded guilty to being a felon in

_____

[1] The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, adopting the report and recommendation of the Honorable John A. Jarvey, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to ninety-six months in prison and three years of supervised release. On appeal, Briscoe challenges the district court's denial of his suppression motion. For the reasons discussed below, we affirm the judgment of the district court.

I.

One of Briscoe's neighbors approached a Cedar Rapids Police Department intelligence analyst while they exercised at a gym. He told her that there had recently been several residential burglaries in his neighborhood and he suspected Briscoe. He noted that Briscoe lived across the street from one of the burglarized houses, owned two pit bulls, and had a lot of people coming to and going from his house. (Appellant's Br. Add. at 11, 14.) In a written memorandum she sent to all of the officers of the Cedar Rapids Police Department, the analyst wrote that a "caller" suspected Briscoe of committing the burglaries because of "a heavy amount of short term visitors to" his home and his ownership of two pit bulls. She noted that Briscoe had previously been arrested for burglary and had previously been charged with assault and disorderly conduct. Although the neighbor's suspicion had only been that Briscoe was involved in the burglaries, the analyst's memo referred to suspicion that Briscoe was also engaged in "possible narcotics trafficking." (Id. at 31.)

Approximately nine weeks later, police searched the garbage left outside Briscoe's residence and found forty marijuana seeds and twenty-five marijuana stems that tested positive for tetrahydrocannabinol, the active component of marijuana. The same day, police applied for a warrant to search Briscoe's residence based on the marijuana seeds and stems found in the trash and the portion of the intelligence analyst's report regarding suspected narcotics trafficking. A state judge approved the search warrant, and police executed it five days later. They recovered from Briscoe's residence a .38-caliber handgun, ammunition, $1835 in cash, a scale, marijuana residue, and drug paraphernalia.

After he was charged in federal court, Briscoe moved to suppress the seized evidence. He attacked the paragraph in the search warrant application derived from the intelligence analyst's report as well as a paragraph in which the applying officer related his general experience regarding drug traffickers and where they store their drugs. The district court denied Briscoe's motion, concluding that Franks v. Delaware, 438 U.S. 154 (1978), had not been violated because if the applying officer had provided any misleading information, he had done so negligently or in reasonable reliance on the intelligence analyst's report. The district court further concluded that the paragraph about the applying officer's general experience with drug trafficking was not a recitation of facts meant to establish probable cause; that the search warrant application established probable cause with or without the challenged statements; and that even if the search warrant application did not establish probable cause, the search was valid under United States v. Leon, 468 U.S. 897 (1984), because police relied on the warrant in good faith.

Briscoe conditionally pleaded guilty, was sentenced, and now appeals.

II.

We may assume for the sake of argument that the challenged statements in the search warrant application were false or made in reckless disregard for the truth, because Briscoe must also prove that the challenged statements were necessary for the application to establish probable cause. See United States v. Gabrio, 295 F.3d 880, 883 (8th Cir.), cert. denied, 123 S. Ct. 390 (2002). We conclude that the application would have been sufficient without the challenged statements because the marijuana seeds and stems recovered from Briscoe's garbage were independently adequate to establish probable cause.

Many of our cases recognize that the recovery of drugs or drug paraphernalia from the garbage contributes significantly to establishing probable cause. See, e.g.,

3

United States v. Reinholz, 245 F.3d 765, 776 (8th Cir.) (brass pipe with cocaine residue and twenty syringes (four with methamphetamine residue) found in trash, coupled with occupant's prior drug conviction, established probable cause for search warrant), cert. denied, 122 S. Ct. 218 and 300 (2001); United States v. Gonzalez-Rodriguez, 239 F.3d 948, 950-51 (8th Cir. 2001) (crack pipe, baggies, and foil with methamphetamine residue found in trash, coupled with informant's tip, established probable cause for search warrant); United States v. Hohn, 8 F.3d 1301, 1302, 1306-07 (8th Cir. 1993) (baggie and sno-seals with methamphetamine residue found in trash, coupled with informant's tip, established probable cause for search warrant); United States v. Sumpter, 669 F.2d 1215, 1220-22 (8th Cir. 1982) (baggie of marijuana found in trash, coupled with tips from informant, neighbor, and garbage collector, established probable cause for search warrant); United States v. Biondich, 652 F.2d 743, 744-46 (8th Cir.) (baggie containing small amount of marijuana and folded paper containing traces of opiates found in trash, coupled with occupant's two prior drug convictions, established probable cause for search warrant), cert. denied, 454 U.S. 975 (1981); see also United States v. Koons, 300 F.3d 985, 988, 991-92 (8th Cir. 2002) (numerous marijuana stems found in trash, coupled with informant's tip, established police officer's good-faith belief that search warrant was supported by probable cause and validated search under Leon).

In those cases, the drugs or drug paraphernalia in the garbage were sufficient *corroborating* evidence to establish probable cause. The question in this case is whether the marijuana seeds and stems in Briscoe's garbage were sufficient *stand-alone* evidence to establish probable cause. We hold that they were. Cf. United States v. Gregg, 829 F.2d 1430, 1433-34 (8th Cir. 1987) (for defendants convicted of illegally exporting military equipment, discarded telex communications between defendants and customers found in trash, standing alone, established probable cause for search warrant), cert. denied, 486 U.S. 1022 (1988). The facts in the instant case are even stronger than the facts in Gregg because, not only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana

4

consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law. See 21 U.S.C. § 802(16); Iowa Code § 124.101.17 (non-sterilized seeds are included in federal and Iowa definitions of marijuana as controlled substance).

Both federal and state law[2] authorize the issuance of a search warrant for drugs, drug paraphernalia, drug proceeds, and related evidence. The search warrant issued by the Iowa court in this case was directed at, inter alia, marijuana, cash, and paraphernalia "associated with the use, sale, manufacturing[,] or distribution of controlled substances." (Appellant's Br. Add. at 20.) The items recovered from Briscoe's residence in the search included a scale with marijuana residue, a roach clip, $1835 in cash, a firearm, and ammunition. (Id. at 28-29.)

### III.

Having concluded that the marijuana stems and seeds recovered from Briscoe's garbage were independently adequate to establish probable cause for the search warrant, there is no need to reach the Leon question. Accordingly, we affirm the judgment of the district court.

---

[2] "A warrant may be issued under this rule to search for and seize any (1) property that constitutes evidence of the commission of a criminal offense; or (2) contraband, the fruits of crime, or things otherwise criminally possessed; or (3) property designed or intended for use or which is or has been used as the means of committing a criminal offense . . . ." Fed. R. Crim. P. 41(b). "A search warrant may be issued: 1. For property which has been obtained in violation of law. 2. For property, the possession of which is unlawful. 3. For property used or possessed with the intent to be used as the means of committing a public offense or concealed to prevent an offense from being discovered. 4. For any other property relevant and material as evidence in a criminal investigation." Iowa Code § 808.2.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.