# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2712

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Leo Adams, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 19, 2006
Filed: July 3, 2006

_____

Before LOKEN, Chief Judge, and BOWMAN and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In October 2002, a jury found Leo Adams guilty of conspiracy to distribute drugs, and the District Court[1] sentenced him to 360 months in prison. On appeal, we affirmed his conviction but remanded for resentencing in accordance with the then recently issued decision in United States v. Booker, 543 U.S. 220 (2005). United

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

States v. Adams, 401 F.3d 886 (8th Cir. 2005).[2] On remand, the District Court again sentenced Adams to 360 months in prison. Adams appeals and we affirm.

At trial, the jury specifically found Adams responsible for conspiring to distribute more than a kilogram of heroin. At resentencing, the District Court found that the prosecution had shown, in addition, that Adams was responsible for at least thirty kilograms of heroin while distributing drugs in the St. Louis area beginning in the late 1990s and continuing over several years. The court deemed this to be relevant conduct for sentencing purposes and adjusted Adams's base offense level accordingly. See U.S. Sentencing Guidelines Manual § 1B1.3 (2001). Adams contends that the District Court violated his constitutional rights by making a factual finding that increased his base offense level because the jury that convicted him did not find the necessary fact beyond a reasonable doubt. He notes the Booker holding that the U.S. Sentencing Guidelines are unconstitutional because they permit a sentence to be calculated based on facts not found by a jury beyond a reasonable doubt. See 543 U.S. at 226–27 (opinion of Stevens, J.). He ignores, however, the remedial holding of Booker: that application of the Guidelines will be constitutional if they are read by the courts not as mandatory but only as advisory. See id. at 245 (opinion of Breyer, J.). With the sentencing court free to exercise its discretion, "the defendant has no right to a jury determination of the facts that the judge deems relevant," id. at 233, and so a district court's finding of relevant conduct by a preponderance of the evidence does not offend the Sixth Amendment, see United States v. Ault, 446 F.3d 821, 822 n.2 (8th Cir. 2006). We are, of course, bound by both the constitutional and the remedial holdings of Booker, and we therefore reject Adams's argument.

Adams also challenges the factual finding itself that led the District Court to calculate his base offense level using a greater quantity of heroin than that found by

_____

[2]The Supreme Court, at 126 S. Ct. 492 (2005), denied the petition for writ of certiorari filed by Carl Parker, Adams's co-defendant at trial, whose conviction and sentence we affirmed in Adams.

the jury at his trial. The District Court arrived at the thirty-plus kilograms of heroin by crediting evidence of not only Adams's participation in the Rush-Bey conspiracy—the conspiracy for which he was convicted—but also his earlier involvement in the so-called Serrano conspiracy, for which he was not tried. See generally Adams, 401 F.3d at 890–92 (summarizing Adams's involvement in the conspiracies). The court determined that the heroin that was shown to have been purchased for distribution during Adams's participation in both conspiracies was relevant conduct that should be considered in calculating his base offense level.

Conduct is relevant for sentencing purposes if it is "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual § 1B1.3(a)(2). Adams maintains that the court erred in finding that his participation in both conspiracies was part of the same course of conduct and therefore relevant. "Whether uncharged conduct is part of the same course of conduct as the offense of conviction is a fact-intensive inquiry. Thus, we review the sentencing court's relevant conduct findings for clear error." Ault, 446 F.3d at 823. The evidence showed that Adams purchased heroin for distribution from the Serrano co-conspirators until he and the Serrano brothers had a falling out over money, at which time he joined the Rush-Bey conspiracy for a source of heroin. Considering the "similarity, regularity, and temporal proximity of the charged and uncharged conduct," id., we see no error in the District Court's finding that Adams's dealings in at least thirty kilograms of heroin constituted conduct relevant to his offense of conviction and therefore should be considered in establishing his base offense level.

Finally, Adams argues that the District Court committed a constitutional ex post facto violation by applying the Guidelines as advisory rather than mandatory. According to Adams, "**Booker's** remedial holding unexpectedly and indefensibly struck the provisions of the Sentencing Reform Act that made the Guidelines mandatory, and in doing so, raised the maximum [sentence] from the maximum authorized by the facts established by a plea of guilty or a jury verdict to the U.S.

Code maximum." Brief of Appellant at 25. Since briefing was completed in this case, we decided <u>United States v. Wade</u>, 435 F.3d 829 (8th Cir. 2006) (per curiam). In <u>Wade</u>, we noted, <u>inter alia</u>, that the application of the remedial portion of <u>Booker</u>, even to pre-<u>Booker</u> conduct, was mandated by the Supreme Court, and "the Supreme Court would not direct us to violate the Constitution." <u>Id.</u> at 832. Accordingly, we reject Adams's ex post facto argument.

Post-<u>Booker</u>, we review an advisory Guidelines sentence for reasonableness under 18 U.S.C. § 3553(a). <u>United States v. Tobacco</u>, 428 F.3d 1148, 1151 (8th Cir. 2005). Adams's 360-month sentence, being within the advisory Guidelines range, is presumptively reasonable, and Adams has not shown that the District Court, in imposing the sentence, failed to consider a relevant factor, gave significant weight to an irrelevant factor, or committed a clear error in judgment. <u>See</u> <u>id.</u> The sentence is affirmed.

_____