United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-51011
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

KENNETH M SAULS

Defendant-Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
No. 1:04-CR-118-1
_____

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Kenneth M. Sauls appeals his guilty-plea conviction of possession of cocaine base, in violation of 21 U.S.C. § 844(a), for which he received a sixty-month prison sentence and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sauls challenges the district court's denial of his motion to suppress evidence seized from a residence in Austin, Texas, where he apparently lived with Shantillia Spruill, following a search conducted on April 9, 2004, pursuant to a warrant issued on April 7, 2004.  The government consented to a conditional guilty plea that would permit Sauls to appeal the suppression issue, but after a substitution of appointed counsel for Sauls, Sauls entered into a written plea agreement in which he waived the right to appeal his conviction and sentence, except for an upward departure from the applicable range under the Sentencing Guidelines.  The parties do not address whether the waiver provision might have superseded the government's prior written consent to a conditional plea.  In any event, the government does not explicitly seek to enforce the waiver-of-appeal provision, and therefore we review the merits of Sauls's Fourth Amendment arguments.  See United States v. Story, 439 F.3d 226, 230-31 (5th Cir. 2006) (stating that in the absence of a government objection, a potential appeal waiver provision "is not binding because the government has waived the issue").

In reviewing the denial of a suppression motion, we review the "district court's factual findings for clear error, and its legal conclusions, including its ultimate conclusion as to the constitutionality of the law enforcement action, de novo." United States v. Phillips, 382 F.3d 489, 494 (5th Cir. 2004) (citations and internal quotation marks omitted).  Sauls contends

that the search warrant was based on a "bare bones" affidavit that lacked sufficient support and detail to survive even the "good faith" exception of United States v. Leon, 468 U.S. 897 (1984).  In the affidavit, an Austin police detective reported that a confidential informant ("CI") told him that Sauls lived at 5304 Towser Court and that Sauls often sold cocaine base out of a "small white four-door car with front-end damage," selling mostly in the "downtown area."  The parties do not dispute that this information, standing alone, was insufficient to establish probable cause, as the affidavit contained no information corroborating the CI's veracity, reliability, or the basis of his knowledge.  See United States v. Fisher, 22 F.3d 574, 578 (5th Cir. 1994) (stating that "in determining the sufficiency of an affidavit we examine the totality of circumstances, including the veracity, reliability, and basis of knowledge of a confidential informant").

A probable-cause determination, however, must be based on the "totality of the circumstances" rather than on isolation of "each factor of suspicion."  United States v. Saucedo-Munoz, 307 F.3d 344, 351 (5th Cir. 2002) (citing United States v. Arvizu, 534 U.S. 266 (2002)).  Here, the CI's information was supplemented by the following information supplied by the affiant's own investigation:  The utilities at 5304 Towser Court were registered to Spruill, as was a driver's license with the same address.  Surveillance at the address showed that a "white

3

Plymouth four-door" was parked in the driveway, a car that was registered to Spruill. Sauls had been arrested while driving the same car in January 2004. Moreover, Sauls had an "extensive history" of narcotics arrests, the most recent being for possession of crack cocaine in 1999. Finally, on April 6, 2004, the affiant had searched the garbage placed by the street for collection at 5304 Towser Court. The garbage contained eight plastic baggies, five of which tested positive for cocaine residue. Also found in the trash was a December 2003 letter to Sauls and a letter to Spruill post-marked March 25, 2004.

This information, in its totality, supported a good faith conclusion by an objectively reasonable officer that the affidavit on which the warrant was based was adequate to establish probable cause. See United States v. Shugart, 117 F.3d 838, 843-44 (5th Cir. 1997) (holding that certain "technical errors" in "applications for search warrants do not undermine" the objectively reasonable good faith reliance of law enforcement); Leon, 468 U.S. at 919-20. Sauls's arrest three months earlier in the same car that was registered to a resident at 5304 Towser Court was sufficient to connect him to that residence, and Sauls's prior arrests on narcotics violations and the evidence discovered in the curbside garbage were sufficient to support a reasonable belief that contraband would be found inside the residence. Whether or not the garbage inspection was sufficient by itself to support a probable-cause finding,

4

see United States v. Briscoe, 317 F.3d 906, 907-08 (8th Cir. 2003) (holding that such evidence, standing alone, establishes probable cause), it was sufficient in combination with the additional information submitted.  See Fisher, 22 F.3d at 578.

For the reasons given above, the judgment of conviction is AFFIRMED.