# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2916

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| | * | |
| Plaintiff—Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Northern |
| | * | District of Iowa. |
| Michael Alan Allebach, | * | |
| | * | |
| Defendant—Appellant. | * | |
| | * | |

_____

Submitted: April 15, 2008
Filed: May 21, 2008

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Michael Allebach entered a conditional guilty plea to possession of powder cocaine with intent to manufacture five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The district court[1] sentenced Allebach to 136 months' imprisonment. Allebach appeals the district court's denial of his motion to

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

suppress evidence obtained during a search of Allebach's residence conducted pursuant to a warrant and the reasonableness of his sentence. We affirm.

I. Background

After receiving citizen complaints of frequent short-term traffic at Allebach's residence, police officers picked up trash bags at Allebach's residence after they had been placed on the curb for pickup. During a search of the bags at the police station, officers found two plastic bags with white residue, two corners torn from plastic bags, Brillo pads, a film canister with white residue, and documents bearing Allebach's name and address. The white residue on the plastic bags tested positive for cocaine. Officers included this information in the application for a search warrant to search Allebach's residence, and a magistrate judge approved the warrant application. During the search, officers found 30.39 grams of powder cocaine, 3.29 grams of crack cocaine, powder and crack cocaine paraphernalia, and items used to manufacture powder cocaine into crack cocaine. Following the search, Allebach waived his rights and admitted to officers he manufactured crack cocaine. Allebach said that he had been using cocaine for about a year and a half, that he obtained cocaine from three sources, and that he converted the powder cocaine into crack cocaine.

II. Motion to Suppress

Allebach moved to suppress the fruits of the search of his residence, arguing that the trash contents were insufficient to establish probable cause. The magistrate judge[2] found the materials in the trash were sufficient to establish probable cause. The district court adopted the magistrate judge's report and recommendation, over Allebach's timely objections.

---

[2]The Honorable John A. Jarvey, then Chief Magistrate Judge for the United States District Court for the Northern District of Iowa, now United States District Judge for the Southern District of Iowa.

Allebach argues the district court erred by not granting his motion to suppress. He alleges the warrant authorizing a search of his residence was invalid because the materials from his trash did not constitute probable cause. We have little hesitancy in concluding a reasonable magistrate would conclude the materials found in the trash—two plastic bags with cocaine residue, two corners torn from plastic bags,[3] Brillo pads,[4] a film canister[5] with white residue—were sufficient to establish probable cause that cocaine was being possessed and consumed in Allebach's residence. See United States v. Briscoe, 317 F.3d 906, 908 (8th Cir. 2003) (holding marijuana seeds and stems found in the garbage were "sufficient *stand-alone* evidence to establish probable cause"). The warrant was properly issued, and the district court did not err in denying Allebach's motion to suppress the evidence.

Even if the warrant were not supported by probable cause, the Leon good faith exception would allow admission of the evidence. United States v. Leon, 468 U.S. 897 (1984). Allebach has neither claimed, nor is there evidence of anything that might prevent Leon from applying: police misconduct, the magistrate judge abandoning a neutral and detached role, objective unreasonableness, or a facially deficient warrant. See United States v. Proell, 485 F.3d 427, 431 (8th Cir. 2006) (noting the exception does not apply in these four circumstances because the officer's

---

[3]"Plastic sandwich bags with the corners torn . . . are commonly used to distribute crack." United States v. Sandifer, 188 F.3d 992, 993 (8th Cir. 1999).

[4]Brillo pads can be used as filters for crack pipes. United States v. Lewin, 900 F.2d 145, 147 (8th Cir. 1990) (stating "[t]he officer explained that Brillo pads are considered to be drug paraphernalia because small pieces of steel wool are often used as filters in pipes used to smoke crack").

[5]Film canisters can be used to store and carry controlled substances. See United States v. Bustos-Torres, 396 F.3d 935, 940 (8th Cir. 2005) (noting officers found a substance appearing to be cocaine in a film container); United States v. Sanders, 341 F.3d 809, 813 (8th Cir. 2003) (noting officers found methamphetamine in a film canister).

reliance on the warrant would be unreasonable). Thus, we find the Leon exception applies and the district court did not err in denying Allebach's motion to suppress the evidence.

III. Sentencing Issues

Allebach raises a number of sentencing issues. In imposing the sentence, the district court started by noting the advisory guidelines range, including a three-level reduction for acceptance of responsibility, was 151 to 188 months. The court also took note of the then-pending amendment to the crack cocaine guidelines, which would result in a sentencing range of 121 to 151 months. The government moved for a cooperation-based departure under U.S.S.G. § 5K1.1, and the court granted the motion, using 151 months as a starting point. The court then departed 10% down to 136 months and imposed that sentence.

We start with Allebach's challenge to the guidelines computation in this case based on his argument involving the quantity of cocaine base used to determine the base offense level. The presentence investigation report concluded Allebach's relevant conduct involved more than 500 grams of cocaine base. Allebach acknowledges that, based on his admissions to law enforcement, the probation office correctly determined that more than 500 grams of cocaine base were used and distributed by him. However, he argued to the district court and now argues on appeal that only the cocaine base that he manufactured, not the cocaine base that he purchased, should be counted for guidelines purposes. He argues that since he was convicted of possessing powder cocaine with the intent to manufacture cocaine base, any cocaine base he purchased as cocaine base and did not manufacture should not be included in his relevant conduct.

We review the district court's interpretation of the guidelines de novo, United States v. Fraser, 243 F.3d 473, 474 (8th Cir. 2001), and the court's relevant conduct

-4-

determination for clear error, see United States v. Adams, 451 F.3d 471, 473 (8th Cir. 2006) ("Whether uncharged conduct is part of the same course of conduct as the offense of conviction is a fact-intensive inquiry. Thus, we review the sentencing court's relevant conduct findings for clear error." (internal quotation omitted)). In determining whether conduct is relevant, the "district court should consider the similarity, regularity, and temporal proximity of the conduct." United States v. Anderson, 243 F.3d 478, 485 (8th Cir. 2001) (internal quotations omitted). We find the district court did not clearly err in determining Allebach's possession of crack cocaine was part of the same course of conduct as his possession with intent to manufacture crack cocaine. See Fraser, 243 F.3d at 474–75 (citing with approval United States v. Wood, 57 F.3d 913, 920 (10th Cir. 1995), which held "personal-use quantities [are] relevant conduct in a conviction for manufacturing a controlled substance").

Allebach further argues that the district court's failure to impose a non-guidelines sentence was procedurally inadequate and substantively unreasonable. As discussed above, the district court followed proper procedures in this case, calculating the base offense level and considering departures and the 18 U.S.C. § 3553(a) factors. Allebach argues his case is unusual, and thus he should have been sentenced below the guidelines because he was an addict, he only distributed crack cocaine to his friends, and he was involved with manufacturing and distribution for only a short period of time. However, this argument fails, as the district court considered these factors and adequately stated the reasons for the sentence. See United States v. Sigala, — F.3d —, 07-1722, 2008 WL 878348, *1 (8th Cir. Apr. 3, 2008). The court declined to grant a variance, finding "nothing unusual about this case that takes it out of the advisory guidelines range." We do not find that determination to be an abuse of discretion. See United States v. Clay, — F.3d —, 07-3050, 2008 WL 1958993, *2 (8th Cir. May 7, 2008) (finding a "district court did not abuse its discretion in denying [a] downward variance"). "'[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.'"

Sigala, — F.3d —, 07-1722, 2008 WL 878348, * 1 (quoting Rita v. United States, — U.S. —, 127 S. Ct. 2456, 2468 (2007)).

Allebach also argues that the district court's failure to consider the then-pending guidelines amendment was unreasonable. We first note that the district court did consider what the sentence would be under the amendment and explained it was using 151 months as a starting point for the government's § 5K1.1 motion, a sentence that would be within the guidelines under the then-current guidelines and the amendment. Furthermore, the district court was not required to consider the pending guidelines amendment. Consideration of the pending amendment is merely permissible, not required. See United States v. Shields, 519 F.3d 836, 838 (8th Cir. 2008) (concluding the district court has discretion on remand whether to consider proposed amendments); United States v. Meyer, 452 F.3d 998, 1001–02 (8th Cir. 2006) ("While our court cannot retrospectively apply enhancing amendment to the guidelines in order to calculate the defendant's guidelines range, such amendments are instructive as to whether a sentence outside of the guidelines falls within the range of reasonableness.").[6]

We affirm.

_____

_____

[6]As a practical matter this issue is essentially moot. The sentencing commission has made the guidelines amendment retroactive. See U.S.S.G. app. C, amend. 713 (Supp. 2008) cited in United States v. Whiting, — F.3d —, No. 07-2599, 2008 WL 961171, *5 (8th Cir. Apr. 10, 2008). The district court has the discretion to resentence Allebach using the amended guidelines.