# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1033

_____

United States of America,     *
                         *

       Appellee,     *
                         *   Appeal from the United States

v.                 *   District Court for the Western
                         *   District of Missouri.

Richard A. Hugh,     *

       Appellant.     *

_____

Submitted: June 11, 2008
Filed: July 7, 2008

_____

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury convicted Richard Hugh of intercepting a wire communication in violation of 18 U.S.C. § 2511(1)(a). On appeal, Hugh argues that the evidence was insufficient to support his conviction and that the district court[1] erred by sentencing him to 18 months in prison. We affirm the judgment of the district court.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

## I. Background

Richard Hugh was a part-time bail bondsman/bounty hunter in and around Springfield, Missouri. On April 6, 2005, Hugh's wife, a bail bond agent, posted $5,000 bail for Basil Minor. Hugh tried to keep tabs on Minor, but was unsuccessful. On July 7, 2005, Minor missed his court appearance, and the court forfeited the bond. Hugh continued to pursue Minor. Believing that Minor regularly communicated with a woman named Kimberly Loftis, Hugh tapped into the phone line at Loftis's house.

Several witnesses observed Hugh around the Loftis house on December 23 and 24, 2005. On December 24, Hugh informed Nancy Bertz, who resided with Loftis, that he was recording all of the telephone conversations at the house. When officers arrived at Loftis's house, they found wiretapping equipment affixed to the telephone box. Police subsequently executed a search warrant at Hugh's home and found recordings of telephone conversations from Loftis's house and equipment that could be used to tap into a phone line.

When the police interviewed Hugh about his suspicious behavior, Hugh stated, "I understand, yes I put a tap on her phone." Hugh recanted during the interview and at trial. The jury, however, found Hugh guilty of one count of interception of wire communications, a violation of 18 U.S.C. § 2511(1)(a).

At sentencing, the district court adopted the presentence investigation report without change. Hugh had a total offense level of 14 and a criminal history category of I, which yielded an advisory Guidelines range of 15 to 21 months. The district court applied a 3-level enhancement for committing the offense for the purpose of economic gain. See U.S.S.G. § 2H3.1. The government argued that Hugh should have had an even higher offense level because he admitted to tapping phone lines on previous occasions. The district court, however, rejected the government's argument. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Hugh to 18 months in prison and 2 years of supervised release.

Hugh contends that the evidence was insufficient for a conviction because his crime required the government to prove he acted with a "bad purpose." Hugh also argues that the district court erred by adding 3 offense levels for economic gain and by failing to adequately consider the § 3553(a) factors.

## II. Discussion

We review the sufficiency of the evidence in the light most favorable to the government and reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Sykes, 977 F.2d 1242, 1246-47 (8th Cir. 1992). We review factual determinations at sentencing, such as the district court's finding that the offense was committed for the purpose of economic gain, for clear error. United States v. Allebach, 526 F.3d 385, 388 (8th Cir. 2008). We review the district court's application of the Guidelines de novo. Id.

Hugh argues that the government was required to prove he acted with a "bad purpose." Hugh relies on United States v. Ross, 713 F.2d 389 (8th Cir. 1983). In Ross, this court considered whether evidence obtained incidentally by a telephone repairman could be used against a defendant. Id. at 392. This court held that a telephone repairman could testify to incriminating statements overheard while repairing a phone line because the repairman did not "willfully" violate § 2511. Id. at 391-92 (noting that Congress used "willfully" to denote a "bad purpose," which the telephone repairman did not have). This court further held that evidence obtained by the repairman was admissible because his actions fell within the exception for telecommunication workers in § 2511(2)(a)(I). Id. at 392.

Hugh's reliance on Ross is misplaced for three reasons. First, Ross focused on the admissibility of evidence obtained through wiretapping. This case, however, deals with a conviction under the statute. Second, unlike the telephone repairman, Hugh is not a telecommunications worker. Therefore, Hugh cannot rely on a statutory exemption for his conduct. Third, the statute no longer requires that a defendant "willfully" violate the statute. Compare 18 U.S.C. § 2511(1)(a) (1983) with 18 U.S.C.

§ 2511(1)(a) (2007). The Government is only required to prove that the act was done "intentionally." 18 U.S.C. § 2511(1)(a) (2007).

Hugh's own admissions indicate that his clear intention was to intercept communications between Loftis and Minor. Hugh's intentions are further confirmed by the recordings of telephone conversations from Loftis's house that were found in Hugh's home. We find that the evidence was sufficient for the jury to convict Hugh.

The district court found that a 3-level enhancement was warranted because the purpose of the offense was "to obtain direct or indirect commercial advantage or economic gain." U.S.S.G. § 2H3.1(b)(1). Hugh argues that no financial gain was obtained and that the offense was actually motivated by a desire to apprehend a fugitive.

Evidence presented at trial strongly supports the district court's finding that Hugh's purpose was to obtain financial benefit. It makes no difference that Hugh did not actually make any money from his offense. The Guidelines do not require that the defendant actually benefit financially. The Guidelines merely require that the "purpose" of the offense was economic gain. U.S.S.G. § 2H3.1(b)(1). Hugh's wife posted bail for Minor. When Hugh was unable to locate Minor, Hugh went to the Lawrence County Court and asked for a remittance, which was refused. Hugh searched for Minor before and after the forfeiture of the bond. This evidence adequately supports the conclusion that Hugh was trying to recover the $5,000 bond that his wife posted for Minor. The district court did not commit clear error in finding that the purpose of Hugh's actions was economic gain.

Hugh also argues that the district court erred in failing to adequately consider the § 3553(a) factors. A district court should start with the advisory Guidelines range and consider all of the § 3553(a) factors. Gall v. United States, 128 S. Ct. 586, 596 (2007). Ultimately, the court must impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). While the district court is obliged to consider all of the § 3553(a) factors, it is not required to "'categorically rehearse each of the section 3553(a) factors on the record when it imposes a sentence as long as it

-4-

is clear that they were considered.'" United States v. Austad, 519 F.3d 431, 436 (8th Cir. 2008) (quoting United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006)).

The district court clearly considered the § 3553(a) factors when sentencing Hugh. The district court made specific reference to several factors:

> But the nature and circumstances here, the seriousness of the offense, the deterrence here to other people not to boldly go out there and think that they have the law in their own hands . . . and to protect the public . . . I think the Guideline range is a reasonable range.

Given that the district court considered the § 3553(a) factors and adequately explained its reasons for imposing a sentence within the advisory Guidelines range, we find no procedural or substantive error affecting the reasonableness of the sentence. See Gall, 128 S. Ct. at 597.

We affirm the judgment of the district court.

_____