# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1944

_____

United States of America

*Plaintiff - Appellee*

v.

Shaquandis Thurmond

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 13, 2015
Filed: April 13, 2015

_____

Before BYE, BEAM, and BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

Shaquandis Thurmond appeals the district court's[1] denial of his motion to suppress, having preserved the right to do so following his entry of a conditional

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa, adopting the Report and Recommendation of the Honorable Jon Stuart Scoles, Chief United States Magistrate Judge for the Northern District of Iowa.

guilty plea to possession of an unregistered (short-barreled) firearm in violation of 26 U.S.C. §§ 5845(a), 5861(d), and 5871.  We affirm.

## I.    BACKGROUND

As set out in the warrant application relevant here, on February 6, 2013, the Cedar Rapids police department received a tip from an informant that "a black male and black female are selling crack cocaine" from a specified address in Cedar Rapids. This informant also stated that the people who reside at the residence drove a "new car," and identified the license plate number.  Police discovered, however, that the number provided was registered to a 1994 GMC Vandura.  Police records revealed no other noted recent activity at the residence in question.

On February 18, 2013, an officer went to the address and did a "trash pull," collecting thirteen black trash bags next to the alley behind the residence.  Of relevance here, one of the bags contained "2 suspected marijuana roaches with green plant material inside that look[ed] and smell[ed] like marijuana, blunt material, blunt paper, 2 baggie knots, cigarillos wrappers, and a mail document from the State of Iowa Disabilities Determination Service Bureau dated 01-25-13 to Shaquandis Thurmond" at the very same address.  The warrant explained that blunt material is the tobacco from a cigarillo cigar that can be removed and replaced with marijuana prior to smoking the cigar.  A field test of the suspected marijuana tested positive for tetrahydrocannabinol (THC).  On February 19, the officer also saw a white van parked in the rear of the residence with the matching license plate number as that previously provided by the informant.  The officer conducted surveillance at the residence again on February 20, witnessed two individuals coming and going from the residence, saw the same van arrive at the residence and watched a black male exit the vehicle and enter the residence.  The officer clarified in the warrant that he saw no "activity consistent with the sale of illegal drugs" based on this surveillance. Police records revealed that Thurmond was arrested about one month prior for

possession of a controlled substance and had a juvenile criminal history including an assault and possession of a controlled substance.

The state judicial officer concluded that there was probable cause to believe that contraband would be found at this residence and a search warrant was issued. Upon execution, officers seized a sawed-off shotgun, marijuana and paraphernalia, and documents associated with Thurmond, and the instant charge ensued. In response to Thurmond's motion to suppress, the magistrate judge and the district court determined, based on relevant precedent and the facts presented,[2] that not only was the warrant supported by probable cause but that, additionally, the Leon[3] good-faith exception would apply here as well. Thurmond challenges the court's ruling on both issues.

## II.    DISCUSSION

On appeal, Thurmond first argues that the search warrant was not supported by probable cause. In an appeal of a district court's denial of a motion to suppress, we review the court's findings of fact for clear error and its legal determinations de novo. United States v. Jones, 535 F.3d 886, 889-90 (8th Cir. 2008). Whether a warrant is supported by probable cause is a legal determination and is based on whether the warrant is supported by facts that would "justify a prudent person in the belief that

---

[2]We do note that neither the magistrate judge nor the district court used the informant's statements included in the warrant application as a basis for their determination on the issue of probable cause. The magistrate judge noted the government's concession that the tip from the informant did not supply the probable cause in issuing the warrant and we follow suit on appeal, reviewing only the trash pull evidence and the remaining information in the warrant application, including Thurmond's prior criminal record.

[3]United States v. Leon, 468 U.S. 897 (1984).

there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Riedesel, 987 F.2d 1383, 1390 (8th Cir. 1993).

On the issue of probable cause, Thurmond's argument is twofold: (1) the discovery of only a de minimis user quantity of marijuana negates a finding of probable cause in this case, and (2) the two-day delay in obtaining the warrant following the trash pull extinguished probable cause, if it existed at all. We address each in turn.

Thurmond argues that evidence of a small amount of discarded, past, and undated marijuana use is no cause to search someone's home. He claims that, at best, there was evidence of a single nonrecurring crime, insufficient to support probable cause for the warrant, and that even if there was *some* reason to think that the residence could contain additional evidence, such conjecture was grounded in supposition, not probable cause. All agree that two factually similar cases inform our analysis today–United States v. Briscoe, 317 F.3d 906 (8th Cir. 2003) and United States v. Allebach, 526 F.3d 385 (8th Cir. 2008).

In Briscoe, this court concluded that items found in a trash pull, standing alone, may be sufficient to establish probable cause. 317 F.3d at 908. There, officers retrieved forty marijuana seeds and twenty-five marijuana stems from the defendant's garbage. Id. at 907. The court discussed this court's established precedent that, "the recovery of drugs or drug paraphernalia from the garbage contributes significantly to establishing probable cause," and that such evidence was sufficient *corroborating* evidence establishing probable cause. Id. at 908. The question in Briscoe, however, was whether the evidence retrieved from the defendant's garbage, standing alone, was sufficient evidence to establish probable cause. Id. It was. The court held that "the presence of discarded marijuana stems and seeds reasonably suggest[s] that ongoing marijuana consumption or trafficking is occurring . . . [and] the simple possession of marijuana seeds is itself a crime under both federal and state law." Id.

-4-

The court in Allebach reached the same conclusion. In Allebach, acting on citizen complaints of frequent short-term traffic at a residence, police officers searched the defendant's trash bags and found "two plastic bags with white residue, two corners torn from plastic bags, Brillo pads, a film canister with white residue [(which tested positive for cocaine)], and documents bearing Allebach's name and address." 526 F.3d at 386. Challenging the sufficiency of probable cause supporting the search warrant, the defendant argued that the materials from his trash did not support a finding of probable cause. Id. at 387. Relying on Briscoe, the Allebach court had "little hesitancy in concluding a reasonable magistrate would conclude the materials found in the trash . . . were sufficient to establish probable cause that cocaine was being possessed and consumed in Allebach's residence." Id.

In light of Briscoe and Allebach, we likewise determine that the search warrant issued was supported by probable cause. In addition to Thurmond's earlier arrest for possession of a controlled substance and his juvenile history with controlled substances, officers retrieved two suspected marijuana roaches with green plant material inside that looked and smelled like marijuana (one of which field-tested positive for THC), blunt material, blunt paper, two baggie knots, and cigarillo wrapper. These facts are sufficient to lead a prudent person to believe that there was a "fair probability" that contraband would be found in the residence. Riedesel, 987 F.2d at 1390.

Noted above, Thurmond asks this court to distinguish the holdings in Briscoe and Allebach based on the quantity and quality of the contraband found in Thurmond's trash–that there was too little to support a finding of probable cause–but there is nothing in those cases to suggest that they were decided based on the exact quality or quantity of the evidence unique to them. As Thurmond acknowledges, each analysis of probable cause, on some level, requires "line-drawing" based on the totality of circumstances unique to each case. We agree. Here, essentially discerning the "line," we determine that this case falls on the side supporting probable cause. As

additionally mentioned in <u>Briscoe</u>, the simple possession of marijuana itself is a crime under Iowa (relevant here) and federal law. <u>Briscoe</u>, 317 F.3d at 908; Iowa Code 124.401(5) ("It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . . "). Accordingly, based on the totality of the circumstances, including Thurmond's history with controlled substances and the contraband found in the trash pull, we affirm the district court's finding of probable cause.

Thurmond additionally argues that the officers' two-day delay in seeking the warrant following the trash pull breaks any thread of alleged probable cause, if it existed at all. He argues that the duration of probable cause is the inherent nature of the crime and here, since the trash pull discovery allegedly indicated only a single instance of possession according to Thurmond, probable cause quickly dwindled–in less than two days. <u>See</u> <u>Bastida v. Henderson</u>, 487 F.2d 860, 864 (5th Cir. 1973) (acknowledging the possibility argued by Thurmond). We disagree that the two-day delay diminished probable cause here. These officers conducted a trash pull and then, reasonably, conducted a bit of surveillance, which ended up not revealing much more to them at the time. Seeking the warrant on the second day following the initial trash pull did nothing to lessen the probable cause determination. <u>E.g.</u>, <u>United States v. Smith</u>, 581 F.3d 692, 694 (8th Cir. 2009) (issuing a warrant based, in part, on a trash pull occurring "within the past 48 hours").

## III.   CONCLUSION

For the reasons stated herein, we affirm the district court's denial of Thurmond's motion to suppress.[4]

_____

_____

[4]Given our affirmance on the grounds stated in this opinion, we need not address Thurmond's second claim on appeal regarding whether the good-faith exception to probable cause articulated in <u>Leon</u> applies.

-6-