In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 17-1924

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STEPHEN ONWARKIAL LEONARD,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 15-cr-40065 — **Sara Darrow**, *Judge.*

———————————

ARGUED FEBRUARY 15, 2018 — DECIDED MARCH 8, 2018

———————————

Before BAUER, FLAUM, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Stephen Leonard pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Police discovered the gun after obtaining a warrant to search his home on suspicion that his wife was dealing drugs from the residence. Leonard appeals the denial of his motion to suppress the gun as well as the district court's decision not to require the government to reveal the identity

of a tipster who told police about the drug activity. For the reasons set forth below, we affirm.

## I. Background

A confidential source alerted Rock Island, Illinois, police that Courtney Watson was selling illegal drugs from the home she shared with her husband, defendant Stephen Leonard. Based on the tip, officers on two occasions one week apart searched sealed trash bags left in a public alley outside the home. Both times the trash bags contained indicia of residency and tested positive for cannabis. Officers also discovered that Watson had been previously convicted of obstruction of justice and arrested (although not charged) for aggravated battery. Two days after the second positive test, officers presented this information to a state judge and obtained a warrant to search the residence.

Police executed the warrant the next day, but not without issue. The supervising officer who had a copy of the warrant had to leave the scene before Watson arrived home with her father to meet with the officers. So when Watson asked to see the warrant, one of the remaining officers had to run back to the police station to get another copy. Alas, the copy of the warrant eventually shown to Watson apparently was not the correct one. In any event, officers executed the warrant and, in addition to drugs, found a semi-automatic handgun. Leonard admitted he owned the gun. Because he had been previously convicted of a felony, he was charged with violating 18 U.S.C. § 922(g)(1).

Leonard moved to suppress the gun and to require the government to disclose the identity of the tipster. The district court denied both motions. On the suppression motion, the

court held that (1) the mistake in warrant presentation did not affect the validity of the warrant; and (2) even though the informant was probably unreliable, the two positive cannabis tests were enough, standing alone, to support the warrant. The court then refused to require disclosure of the tipster's identity because his or her identity was irrelevant to Leonard's case. Having lost his motions, Leonard conditionally pleaded guilty and was sentenced to four years' imprisonment. He timely appealed.

## II. Analysis

Leonard argues that the district court erred in denying his motions to suppress the gun and require the government to disclose the identity of its confidential source. We will take these arguments in turn.

### A. Suppression Motion

In appealing the denial of his motion to suppress, Leonard argues both that the search was invalid because police did not present the proper warrant to Watson before the search and that the warrant that did exist was not supported by probable cause. We disagree on both counts.

### 1. Warrant Presentation

Leonard first suggests that the warrant was defective because the copy the police showed Watson failed to name him, his address, or anyone who lived in his house. As he puts it, "[i]f an actual warrant existed for the place and person to be searched and/or seized it needed to be presented before the agents forced entry into the house and began their search." Appellant's Opening Brief at 12. The government concedes

some mix-up with the presentation of the warrant, but argues it should have no effect on the search's validity.

The government has the better of the argument. We have recognized that "nothing in the [Fourth Amendment] requires that the warrant be shown to the person whose premises are to be searched." *United States v. Sims*, 553 F.3d 580, 584 (7th Cir. 2009). Indeed, police officers "are not required to wait until someone is at home to conduct the search." *Id.* If warrant presentation isn't required at all, it follows that, so long as a valid warrant exists, inadvertent presentation of the wrong warrant isn't fatal to the search. Therefore, we reject Leonard's presentation argument.

### 2. Probable Cause

The heart of Leonard's argument is that the warrant was not issued upon probable cause. He contends that the warrant's supporting affidavit was insufficient in several respects, including that it failed to explain why the tipster was a credible source and failed to connect Watson's criminal history with the accusation of drug dealing. Given those failings, Leonard submits that only the two positive trash tests can support the warrant. He says those tests are not enough, standing alone, to support probable cause.

"On the mixed question whether the facts add up to probable cause, we give no weight to the district judge's decision, but 'great deference' to the conclusion of the judge who initially issued the warrant." *United States v. Garcia*, 528 F.3d 481, 485 (7th Cir. 2008) (quoting *United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008)). We defer to the state judge's decision to issue the warrant so long as "there is 'substantial evidence in the record' that supports [the state judge's] decision."

*United States v. Curry*, 538 F.3d 718, 729 (7th Cir. 2008) (quoting *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002)). That substantial evidence must support the conclusion that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Koerth*, 312 F.3d at 866 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The state judge "'is entitled to draw reasonable inferences about where evidence is likely to be kept,' and he 'need only conclude that it would be reasonable to seek the evidence in the place indicated in the affidavit.'" *Curry*, 538 F.3d at 729 (quoting *United States v. Sleet*, 54 F.3d 303, 306 (7th Cir. 1995)).

Assuming *arguendo* that the tipster was not credible and Watson's criminal history was irrelevant, we nevertheless agree with the district court that the warrant was issued upon probable cause. As a threshold matter, individuals lack a reasonable expectation of privacy in garbage placed in a public alley or on a curbside. *California v. Greenwood*, 486 U.S. 35, 39–40 (1988). Thus, even if the tipster were entirely incredible, the garbage searches required no independent Fourth Amendment justification.

That leaves the question whether the trash pulls standing alone were sufficient to establish probable cause. The closest we've come to these facts has been *Molina ex rel. Molina v. Cooper*, 325 F.3d 963 (7th Cir. 2003). There, we sustained a warrant issued upon a field test of garbage revealing the probable presence of cocaine and corroborating the statement of a known and "sufficiently reliable" informant that drugs were sold from the premises. *Id.* at 970–71. But the presence of the reliable informant in *Molina* makes that case so distinct from this one that it doesn't inform the result today. No Seventh

Circuit case has addressed whether trash pulls *by themselves* may establish probable cause to search a residence.

Case law in other circuits, however, provides some helpful guidance. In *United States v. Briscoe*, 317 F.3d 906 (8th Cir. 2003), the Eighth Circuit sustained a warrant issued based solely on the presence of "marijuana seeds and stems" in one garbage pull. The court noted that "not only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law." *Id.* at 908. On the other hand, the Sixth Circuit in *United States v. Abernathy*, 843 F.3d 243 (6th Cir. 2016), held that a single trash pull containing marijuana paraphernalia was insufficient to establish probable cause to search a home. The court reasoned that "the connection between the small quantity of marijuana paraphernalia recovered from Defendant's garbage and his residence is too logically attenuated to create a fair probability that more drugs were inside the residence." *Id.* at 255. Additionally, the court thought that it was impossible for anyone, with only one garbage search, to know when the drugs were placed in the garbage. The Sixth Circuit distinguished *Briscoe* because it involved "[a] large quantity of drug refuse," which "suggests repeated and ongoing drug activity in the residence and therefore creates a fair probability that more drugs remain in the home." *Id.*

Both *Briscoe* and *Abernathy* support the assertion of probable cause in this case. While one search turning up marijuana in the trash might be a fluke, two indicate a trend. Whether it be a particularly large quantity of drugs, as in *Briscoe*, or multiple positive tests of different trash pulls within a fairly short

time, both tend to "suggest[] repeated and ongoing drug activity in the residence," *Abernathy*, 843 F.3d at 255, and "create[] a fair probability that more drugs remain in the home[,]" *id.* So long as the drugs were contained in trash bags bearing sufficient indicia of residency, this is all that is necessary to establish probable cause and obtain a search warrant.[1] We conclude that two trash pulls taken a week apart, both testing positive for cannabis, are sufficient standing alone to establish probable cause for a search warrant.[2] Therefore, we affirm the judgment below denying Leonard's motion to suppress the gun discovered in the search.

---

[1] Leonard emphasized, particularly at oral argument, that the amount of drugs found in the trash was insufficient to support an inference that Watson was *dealing drugs*. But that is irrelevant. "[P]robable cause requires only 'facts sufficient to induce a reasonably prudent person to believe that a search ... will uncover evidence of a crime.'" *United States v. Featherly*, 846 F.3d 237, 240 (7th Cir. 2017) (quoting *United States v. Gregory*, 795 F.3d 735, 741 (7th Cir. 2015)). Possession of marijuana is illegal under federal and Illinois law (and there has been no showing that Watson was one of the individuals Illinois permits to possess marijuana for medical purposes). Thus, evidence of the presence of marijuana in the home is sufficient to establish probable cause.

[2] In his dissent in *Abernathy*, Judge Kethledge argued that even the one trash pull in that case should have been sufficient for probable cause. He wrote that the marijuana paraphernalia, combined with trash indicating the home's address, "is reason enough to think the roaches and baggies came from that same house" and thus "created a fair probability that the officers would find contraband or evidence of a drug crime in the house." *Id.* at 258 (Kethledge, J., dissenting). Because of the second search in our case, we need not resolve the question the panel disputed in *Abernathy*. We leave that for another day.

### B. Motion to Require Disclosure of Tipster's Identity

Finally, Leonard argues that the district court should have required the government to disclose the identity of the tipster who alerted police that his wife was dealing drugs. The district court denied his motion. We review that denial for abuse of discretion and will "affirm if any reasonable person could agree with the district court's decision." *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008).

"The government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant." *Id.* "This privilege gives way if the defendant proves that the disclosure of the informant's identity 'is relevant and helpful' to his defense 'or is essential to a fair determination of a cause.'" *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957)).

We agree with the district court that the identity of the informant is irrelevant to Leonard's case and not essential to the fair determination of any case. As we held in *Harris*, "[w]hen the confidential informant is a mere 'tipster'—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant—rather than a 'transactional witness' who participated in the crime charged against the defendant or witnessed the event in question, disclosure will not be required." *Id.* at 515 (citing *United States v. Jefferson*, 252 F.3d 937, 942 (7th Cir. 2001)). That is the case here, especially given that we have upheld the issuance of the warrant without respect to the informant's reliability. While Leonard might have a personal interest in obtaining the informant's identity, he does not have a legal right to do so. Thus, we affirm the district court's denial of this motion.

### III. Conclusion

We conclude that two searches, a week apart, of garbage in sealed containers with indicia of residency, both testing positive for the presence of cannabis, are sufficient standing alone to establish probable cause to search a residence. We further hold that the district court did not abuse its discretion in denying Stephen Leonard's motion to reveal the identity of the government's tipster. The judgment below is AFFIRMED.