People v Humphrey (2022 NY Slip Op 00767)





People v Humphrey


2022 NY Slip Op 00767


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND WINSLOW, JJ.


93 KA 21-00341

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES HUMPHREY, DEFENDANT-APPELLANT. 






RONALD S. NIR, KEW GARDENS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 28, 2020. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in refusing to suppress physical evidence seized from defendant's residence during the execution of a search warrant. We reject that contention.
"It is well settled that a search warrant may be issued only upon a showing of probable cause to believe that a crime has occurred, is occurring, or is about to occur . . . , and where there is sufficient evidence from which to form a reasonable belief that evidence of the crime may be found inside the location sought to be searched" (People v Moxley, 137 AD3d 1655, 1656 [4th Dept 2016], citing People v Mercado, 68 NY2d 874, 875-876 [1986], cert denied 479 US 1095 [1987], and People v Bigelow, 66 NY2d 417, 423 [1985]). "Affording great deference to the determination of the issuing Magistrate and reviewing the application 'in a common-sense and realistic fashion' " (People v Park, 266 AD2d 913, 913 [4th Dept 1999]), we conclude that the search warrant was supported by probable cause.
Relying on the information obtained from an anonymous source, law enforcement officials lawfully secured multiple bags of garbage from a garbage tote at the end of a driveway on two occasions (see People v Ramirez-Portoreal, 88 NY2d 99, 112-113 [1996]; People v Crump, 125 AD3d 999, 1000 [2d Dept 2015], lv denied 25 NY3d 1162 [2015], cert denied 577 US 978 [2015]; People v Harris, 83 AD3d 1220, 1221-1222 [3d Dept 2011], lv denied 17 NY3d 817 [2011]). At the time of each "trash pull," defendant's vehicle was in the driveway. In multiple bags, white residue and narcotics packaging materials were found. The residue taken from the bags secured on both dates was field-tested and yielded a positive reaction for the presence of cocaine. In addition, evidence obtained as a result of those "trash pulls" linked defendant to that address. Even assuming, arguendo, that the information obtained from the anonymous source was not reliable, we conclude that "the evidence in defendant's trash of illegal activity, even standing alone, was sufficient to support a reasonable belief that drugs and/or evidence of drug sales might be found in defendant's [residence]" (Harris, 83 AD3d at 1222 [emphasis added]; see United States v Leonard, 884 F3d 730, 734-735 [7th Cir 2018]) and to support the issuance of the search warrant. "While one search turning up [narcotics] in the trash might be a fluke, two indicate a trend. Whether it be a particularly large quantity of drugs . . . or multiple positive tests of different trash pulls within a fairly short time, both tend to 'suggest[ ] repeated and ongoing drug activity in the residence' " (Leonard, 884 F3d at 734, quoting United States v Abernathy, 843 F3d 243, 255 [6th Cir 2016]).
Although defendant also contends that his plea should be vacated because he was not provided an official laboratory report regarding the narcotics seized from his residence before he entered his plea, it is well settled that a defendant, after pleading guilty, forfeits his or her "right to challenge the sufficiency of the evidence supporting the indictment" (People v Ocejo, 202 AD2d 523, 523 [2d Dept 1994], lv denied 83 NY2d 1006 [1994]; see generally People v Suber, 19 NY3d 247, 250 [2012]).
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court