# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1279
_____

United States of America,

*Plaintiff - Appellee*,

v.

Raymond Lee March,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: October 18, 2023
Filed: January 31, 2024
_____

Before SMITH, Chief Judge, LOKEN and COLLOTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Raymond Lee March appeals the denial of a motion to suppress evidence seized from his home. March pleaded guilty to unlawfully possessing a firearm as a prohibited person, but reserved his right to appeal the suppression issue. We

conclude that the seizing officer acted in objectively reasonable reliance on a search warrant, and therefore affirm the judgment of the district court.*

In January 2021, police executed a search warrant at March's home and found two firearms. The search arose from an investigation of March's nephew, Edwin Goodwin. In October 2020, a team led by Sergeant Greg Hill searched Goodwin's residence and found drugs but no guns. Hill then received information from a fellow officer that Goodwin was storing his firearms at March's home.

Hill began to investigate March and decided to pull trash from a receptacle outside March's home. Hill observed a trash can on the curb near March's duplex unit. Hill emptied the can and found mail addressed to March and two marijuana stems. One stem tested positive for THC, the main active ingredient of cannabis.

Two days later, Hill drafted an application for a warrant to search March's home for drugs and firearms. Hill averred that he had received information that March used marijuana. He also included the results of the trash survey and the statement of the fellow officer that March stored firearms for Goodwin. An Iowa district judge issued a search warrant.

Officers executed the warrant a week later. They found two firearms, marijuana, and drug paraphernalia.

A grand jury charged March with the firearms offense. *See* 18 U.S.C. § 922(g)(1), (3). He moved to suppress evidence seized during the search. A magistrate judge recommended denial of the motion, and the district court adopted

---

*The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa, adopting the report and recommendation of the Honorable Stephen B. Jackson, Jr., United States Magistrate Judge for the Southern District of Iowa.

the recommendation. The court concluded that the search warrant was supported by probable cause. Alternatively, the court ruled that even if probable cause was lacking, the good-faith exception to the exclusionary rule applied.

On appeal, March argues that the two marijuana stems in his trash and the statements by Hill's fellow officer about storage of Goodwin's firearms were insufficient to establish probable cause. We deem it unnecessary to address the existence of probable cause, because the good-faith exception to the exclusionary rule is sufficient to resolve this appeal.

Even where an affidavit is insufficient to establish probable cause, suppression of evidence is not warranted "when an officer acting with objective good faith has obtained a search warrant from a judge" and reasonably relies on that judge's determination of probable cause. *United States v. Leon*, 468 U.S. 897, 920-22 (1984). March argues that Hill's reliance on the issuing judge was unreasonable because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (internal quotation omitted).

We conclude, at a minimum, that the information set forth in the affidavit justified reasonable reliance on the issuing judge's determination of probable cause. The presence of recently discarded marijuana stems in a resident's trash suggests ongoing marijuana consumption inside the residence. *United States v. Thurmond*, 782 F.3d 1042, 1045 (8th Cir. 2015); *United States v. Briscoe*, 317 F.3d 906, 908 (8th Cir. 2003). Simple possession of marijuana is itself a crime, so a reasonable officer could have believed that the issuing judge properly found probable cause despite the discovery of only two marijuana stems. *See Thurmond*, 782 F.3d at 1045. Hill's affidavit in this case also asserted his knowledge that March was involved with marijuana usage and his receipt of information that March allegedly stored guns for his nephew Goodwin. This additional information bolstered the reasonableness of the officer's reliance on the issuing judge's determination.

March cites *United States v. Lyles*, 910 F.3d 787 (4th Cir. 2018), where another court of appeals declined to apply the good-faith exception. A trash survey in that case revealed three marijuana stems and three empty packs of rolling papers. The court declared that "a flimsy trash pull that produced scant evidence of a marginal offense" was insufficient "to justify the indiscriminate rummaging through a household." *Id.* at 797. *Lyles* and its colorful language are in tension with this court's decisions on the same subject. *See Briscoe*, 317 F.3d at 908 ("[N]ot only does the presence of discarded marijuana stems and seeds reasonably suggest that ongoing marijuana consumption or trafficking is occurring within the premises, but the simple possession of marijuana seeds is itself a crime under both federal and state law."). Even assuming a reasonable debate in the law about whether the discovery of discarded marijuana stems in trash justifies the search of a residence, the court's conclusion in *Lyles* is insufficient to undermine the officer's good-faith reliance on the warrant in this case.

March also argues that the searching officer was not entitled to rely on the issuing judge's probable-cause determination because he drafted the allegedly deficient warrant. Nothing in *Leon* suggests that the good-faith exception requires separation between the affiant and the officer who executes the warrant. No matter which officer prepares the application, a judge must make a determination of probable cause to issue the warrant. The good-faith rule is premised on the judge's independent determination. Hill reasonably relied on the issuing judge's determination of probable cause, and the district court properly denied the motion to suppress evidence that was seized in accordance with the warrant.

The judgment of the district court is affirmed.

_____