■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN MCCRAY, Appellant.—Judgment of Supreme Court, New York County (Jeffrey Atlas, J., at hearing, trial and sentence), rendered May 9, 1988, convicting defendant, after a nonjury trial, of robbery in the second degree and sentencing him to 1½ to 4½ years, is unanimously affirmed.

Defendant and codefendant Dwayne Barnes robbed a 14-year-old boy of money and a ring. Both individuals were known to the complainant from the neighborhood. Upon arrest, defendant admitted that he went into the apartment building with Barnes to rob someone, and when he realized that it was the complainant, he felt bad. The codefendant took out a gun and both defendant and codefendant went through complainant's pockets. They shared the money—$15 for Barnes and $10 for defendant.

Upon arrest, defendant was read the *Miranda* warnings but the police officer did not make a record of defendant's answers to the warnings, nor did he make a written record of defendant's statement. A *Huntley* hearing was conducted and the court credited the officer's testimony and denied defendant's motion to suppress his statement. "Great deference is accorded to the factfinder's opportunity to view the witnesses, hear the testimony and observe demeanor" *(People v Bleakley,* 69 NY2d 490, 495). Failing to record defendant's responses to *Miranda* warnings, or his statement, does not require a finding that the officer's testimony was incredible.

Nor is there merit to defendant's argument that there was insufficient evidence to sustain his conviction. The record

supports each element of the crime of robbery in the second degree. Defendant's admission, along with testimony that he went through the complainant's pockets, indicated intentional criminal conduct making him culpable for the crime of which he was found guilty. Concur—Murphy, P. J., Rosenberger, Asch, Smith and Rubin, JJ.