■ The People of the State of New York, Respondent, v Raymond Sioba, Also Known as Raymond Silva, Appellant.— Judgment, Supreme Court, New York County (Murray Mogel, J., at hearing; Edwin Torres, J., at trial and sentence), rendered June 3, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate felon, to a term of 3 to 6 years, unanimously affirmed.

The factual findings of a suppression court are entitled to great deference *(People v Prochilo,* 41 NY2d 759, 761). The testimony of the officer that he saw the gun from a distance of one car length when defendant lifted his shirt was not " 'manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " *(People v Garafolo,* 44 AD2d 86, 88), since it was not beyond belief that defendant would lift his shirt either to secure or remove the gun or accidently do so while checking to see that the gun was hidden from view. Any discrepancies appear due to errors in transcription of the minutes as is evident from the balance of the record.

There is also no showing of abuse by the hearing court in refusing to order the People to produce the gun at the suppression hearing or delay the hearing until its production since there was an adequate record upon which to make the necessary findings *(cf., People v Prochilo, supra).* Nor has defendant shown prejudice regarding the late disclosure of certain *Rosario* material to warrant a de novo suppression hearing *(see, People v Martinez,* 71 NY2d 937, 940). Concur— Carro, J. P., Ellerin, Asch and Rubin, JJ.