■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID BAZ, Appellant. [692 NYS2d 53] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered January 18, 1995, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree (14 counts), and criminal use of a firearm in the first degree, and sentencing him to a term of 25 years to life on the murder conviction, to run consecutively with consecutive terms of 8⅓ to 25 years on each of the attempted murder convictions, and concurrently with a term of 12½ to 25 years on the criminal use of a firearm conviction, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. We see no reason to disturb the court's credibility determinations. In this connection, we reject defendant's unsupported ad hominem attack on the court based upon its published writings. The police testimony as to the length of time that it took for the Miranda warnings to be administered properly and waived by defendant was not manifestly untrue, physically impossible, or contrary to common experience (see, People v Sioba, 187 AD2d 317, lv denied 81 NY2d 893). The failure to record defendant's responses to the Miranda warnings does not require a finding that the administering officer's testimony was incredible (People v McCray, 161 AD2d 539, lv denied 76 NY2d 861). We find that the People established the voluntariness of the statement beyond a reasonable doubt (see, People v Anderson, 42 NY2d 35, 38).

Since defendant's objections to the evidence were on different grounds from those argued on appeal, his current claim that the court erred in permitting the introduction of uncharged crime evidence regarding defendant's possession of a silencer

are unpreserved (*see, People v Graves*, 85 NY2d 1024), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was not surprised by this evidence, that the court issued an advance ruling prior to its introduction, and that the evidence was relevant to rebut defenses raised by defendant.

The record establishes that, in an ex parte proceeding, the prosecutor provided a good-faith basis for eliciting evidence of prior alleged bad acts by defendant, and that defendant in fact conceded to expert witnesses that he committed the bad acts elicited. As this Court previously ruled in its February 19, 1998 order denying defendant's motion to review the sealed minutes, defendant's right to full appellate review of the matter is adequately provided by this Court's in camera inspection of the sealed minutes (*see, People v Castillo*, 80 NY2d 578, 584-585, *cert denied* 507 US 1033).

Defendant's current claims of error regarding the court's questioning of expert witnesses and its instructions to the jury regarding the insanity defense are not preserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*People v Gonzalez*, 228 AD2d 340, *lv denied* 88 NY2d 1021; *People v Jones*, 176 AD2d 174, *lv denied* 79 NY2d 859).

We perceive no abuse of discretion in sentencing. Concur— Nardelli, J. P., Williams, Wallach, Lerner and Andrias, JJ.