THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN OLIVER, Respondent. [835 NYS2d 308]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hollie, J.), dated June 9, 2006, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the defendant's omnibus motion which was to suppress physical evidence is denied.

Contrary to the defendant's contention, the People raised the issue of the defendant's standing to contest the search of his knapsack both in their motion papers and in their posthearing memorandum. On appeal, the sole issue raised by the People is the question of standing.

A defendant has the burden of establishing standing by showing a legitimate expectation of privacy (*see People v Ramirez-Portoreal,* 88 NY2d 99, 108 [1996]). The People have the burden of demonstrating abandonment, which is the relinquishment of an expectation of privacy (*id.* at 110). A defendant abandons property when he voluntarily relinquishes possession in a "calculated decision" in response to police conduct (*id.*).

The People established that the defendant abandoned the knapsack when he left it on the floor of a crowded Chinese takeout restaurant and went outside to talk to the police. The defendant himself testified at the hearing that someone from the restaurant asked him what was going on, and he said "I think they [the police] [are] about to search." Therefore he "purposeful[ly] divest[ed]" himself of possession in a "calculated decision" to avoid a search (*id.*). His action was "intentional and voluntary as the product of considered judgment" (*id.*).

Under the facts of this case, the defendant relinquished any expectation of privacy when he left the premises, leaving the knapsack unattended in a publicly accessible area (*see People v Murray*, 256 AD2d 116, 118 [1998]).

Accordingly, the defendant had no standing to contest the search, and that branch of his omnibus motion which was to suppress physical evidence should have been denied. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur. [*See* 12 Misc 3d 1168(A), 2006 NY Slip Op 51104(U) (2006).]