10-3094-pr
Munford v. Graham

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

      **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13ᵗʰ day of March, two thousand twelve.**

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

————————————————————————————

CURTIS MUNFORD,
> *Petitioner-Appellant*,

     v.                                  10-3094-pr

HAROLD GRAHAM,
> *Respondent-Appellee*.

————————————————————————————

| | |
|---|---|
| FOR APPELLANT: | Rajesh S. James, Davis Polk & Wardwell LLP, New York, New York |
| FOR APPELLEE: | Priscilla Steward, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, *of counsel*) *for*, Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Curtis Munford appeals from a judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Munford challenges his state conviction based on certain evidence he alleges to be the fruit of an unlawful arrest and the improper introduction of a nontestifying co-defendant's guilty plea.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, and we discuss these only where necessary to explain our decision.

Recognizing that his Fourth Amendment claim must be analyzed under *Stone v. Powell*, 428 U.S. 465 (1976), Munford argues that an "unconscionable breakdown" occurred, *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992), in New York's trial and appellate courts that deprived him of an "an opportunity for full and fair litigation of [his] Fourth Amendment" claims.  *Stone*, 428 U.S. at 482.  Specifically, he argues that the trial court irrationally refused to view a surveillance video and arrest photo or allow cross-examination of Detective Joseph Monahan about the quality of the video.  The Appellate Division, he claims, further compounded the error by affirming the probable cause determination on the basis of a factual theory the prosecution advanced for the first time on appeal.  Munford's arguments are rejected.  These allegations cannot constitute an "unconscionable breakdown" in New York's procedures because, under New York law, a trial court acts within its discretion in deciding not to view a surveillance video when the record before it was more than adequate to establish probable cause.  *See People v. Clarkson*, 292 A.D.2d 207, 208 (1st Dep't 2002); *see also People v. Sioba*, 187 A.D.2d 317, 317

-2-

(1st Dep't 1992). Here, probable cause was adequately demonstrated by the other information available to Detective Monahan. This included an informant's identification of Munford, Reberto Grant, and others as the robbers and his statement that he had held the gun taken during the robbery; another tipster's claim that Grant was on parole, confessed to the robbery, and showed him the booty of the heist; and finally the independent police investigation which revealed that Grant and Munford were known associates who had been arrested for a similar robbery together six years earlier. There is no basis to hold that Munford's Fourth Amendment rights were not adequately protected. The judgement of the district court in this regard is affirmed.

The parties are in agreement that the admission of Grant's certificate of conviction violated Munford's rights under the Confrontation Clause. In analyzing this issue, however, we may "overturn a state conviction only when the constitutional violation 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Wood v. Ercole*, 644 F.3d 83, 94 (2d Cir. 2011) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "In assessing whether the erroneous admission of evidence had a substantial and injurious effect on the jury's decision, we consider the importance of the . . . wrongly admitted evidence, and the overall strength of the prosecution's case. The importance of wrongly admitted evidence is determined by the prosecutor's conduct with respect to the . . . evidence, whether the evidence bore on an issue plainly critical to the jury's decision, and whether it was material to the establishment of the critical fact, or whether it was instead corroborated and cumulative[.]" *Wood*, 644 F.3d at 94 (internal citations, brackets, and quotation marks omitted). Evidence is not cumulative or corroborative if the "erroneously admitted evidence 'filled . . . a missing link' in the

government's case." *Id.* at 98 (quoting *Zappulla v. New York*, 391 F.3d 462, 472 (2d Cir. 2004)). "The strength of the prosecution's case, absent the erroneously admitted evidence, is probably the single most critical factor in determining whether the error was harmless." *Id.* at 94.

The first factor, the strength of the prosecutor's case, favors the government. Not counting the improperly admitted evidence, the prosecutor introduced more than sufficient evidence to prove Munford's participation in the charged robbery. The case included an eye witness, Jack Prunty, who identified Munford and Grant as the men he encountered the morning of the robbery. Both Prunty and another witness identified the clothing found in Munford's apartment as the clothing worn by one of the assailants. The prosecution played the surveillance video to let the jury determine if the clothing found in Munford's apartment matched that worn by one the robbers. The prosecution's case consisted of additional circumstantial evidence, including cell phone records from which the jury could infer that Munford communicated with Grant in close proximity to the jewelry store minutes before the robbery and evidence of their past commission of a similar robbery in 1998. None of the prosecution's witnesses were impeached in any meaningful way. We have no reason to believe, therefore, that the jury would not credit their testimony. Having conducted an independent review of the record, we cannot say that the prosecution's case was "weak" without the improperly admitted evidence. *See Zappulla*, 391 F.3d at 468-69 (concluding that a case is weak in light of contradictory and conflicting testimony).

Turning to the importance of the evidence, we have little difficulty concluding that Grant's guilt, admitted to be "highly probative" of Munford's identity, bore on an issue critical to the jury's determination of Munford's guilt. We also note that the prosecutor did not shy

away from using Grant's guilt to bolster other evidence.  We hold, however, that Grant's conviction did not provide the "missing link" to a critical fact—Munford's identity; rather it was cumulative or corroborative.  *See Wood*, 644 F.3d at 98.  The security guard, Prunty, had already identified both Grant and Munford as among the men who robbed the jewelry store.  As noted, the prosecution also introduced evidence from cell phone records linking the men to the robbery and evidence that they had committed a similar-styled robbery together.  Evidence of Grant's conviction based on his guilty plea served at most to corroborate the evidence that proved Munford's identity as one of the perpetrators of the robbery.  Given the strength of the prosecution's case, we do not find ourselves "in virtual equipoise as to the harmlessness of the error," *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995), of introducing Grant's conviction for the robbery at issue.  We conclude, therefore, that the error did not have the substantial and injurious effect or influence on the jury's verdict that would require us to vacate Munford's conviction.

We have considered Munford's remaining argument and find them without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-