Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 20, 2008, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that, in the course of the robbery, defendant used or threatened the immediate use of a dangerous instrument (see Penal Law § 160.15 [3]). The knife used by defendant qualified as a dangerous instrument (see Penal Law § 10.00 [13]) because it was readily capable of causing death or serious physical injury under the circumstances of its use or threatened use, and it was not required to qualify as a deadly weapon (see Penal Law § 10.00 [12]).
*428 To the extent defendant is claiming that money recovered from him at the time of his arrest was inadmissible, that claim is without merit. The issues raised by defendant concerning the authentication of the money and whether it matched the funds taken from the victim were matters affecting the weight to be accorded this evidence and not its admissibility (see People v Julian, 41 NY2d 340, 343-344 [1977]).
The court properly denied defendant’s request for a missing witness charge. In addition to being untimely, defendant’s application failed to satisfy the requirements for such a charge (see People v Savinon, 100 NY2d 192 [2003]). In any event, any error in declining to give the charge was harmless in light of the overwhelming evidence of defendant’s guilt (see People v Crimmins, 36 NY2d 230 [1975]).
There is no merit to defendant’s arguments that the People failed to disclose exculpatory or impeachment material, or failed to correct inaccurate testimony by their witness. When the witness testified he visited a doctor on the day after the crime, the prosecutor turned over medical records to the contrary and stipulated to the facts contained therein. Defendant had a meaningful opportunity to cross-examine the witness on this matter, and was not prejudiced in any way (see People v Osborne, 91 NY2d 827 [1997]). The People’s actions were sufficient to correct the inaccuracy, which, in any event, did not concern a material issue. Concur — Tom, J.E, Sweeny, Acosta, DeGrasse and Richter, JJ.