■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON CRUMP, Appellant. [1 NYS3d 866]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (M. Cohen, J.), rendered June 14, 2013, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a controlled substance in the seventh degree, criminally using drug paraphernalia in the second degree (four counts), and crimi

nally possessing a hypodermic instrument (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The search warrant issued in this case was supported by probable cause (*see People v Shulman*, 6 NY3d 1, 25-26 [2005]).

The warrantless search of the defendant's curbside garbage cans was lawful. The Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of a home (*see California v Greenwood*, 486 US 35, 37 [1988]). The defendant had no reasonable expectation of privacy in the refuse he placed at the curb (*see California v Greenwood*, 486 US at 40-41; *see People v Ramirez-Portoreal*, 88 NY2d 99 [1996]; *People v Morales*, 197 AD2d 710 [1993]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Eng, P.J., Austin, Cohen and Barros, JJ., concur.