■ The People of the State of New York, Respondent, v Sahim Lucas, Appellant. [17 NYS3d 109]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered May 14, 2012, as amended June 5, 2012, and June 26, 2012, convicting defendant, after a jury trial, of sex trafficking and promoting prostitution in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years and 7½ to 15 years, unanimously affirmed.

The removal, as a security measure, of the pro se defendant's pen during a portion of the trial does not provide any basis for reversal. Defendant represented himself at trial with the assistance of a legal advisor. During the prosecutor's summation, a court officer directed the legal advisor to confiscate defendant's pen, based on indications that defendant had become "agitated." After the summation and a recess, defendant and his advisor objected in general terms to the removal of the pen,

which was apparently not returned to defendant throughout the remainder of the trial, except briefly to sign the verdict sheet. Although defendant called the jurors' attention to the confiscation of the pen, the present record does not establish that they were aware of it before he did so.

Defendant failed to preserve any of his challenges to the removal of his pen, including that he was deprived of his right to represent himself, that the court improperly delegated a judicial function to the court officer, that he was deprived of his right to a fair trial since the confiscation improperly conveyed to the jury that he was violent and dangerous, and that the court should have given a curative instruction (*see People v McLean*, 15 NY3d 117, 121 [2010]). We decline to review these arguments in the interest of justice. As an alternative holding, we reject them on the merits, and further find that any error was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]), in light of the minimal prejudice, if any, resulting from the confiscation of defendant's pen at the late stage of trial, given that the court permitted defendant to dictate any notes to his legal advisor (*see People v Hendy*, 159 AD2d 250 [1st Dept 1990], *lv denied* 76 NY2d 736 [1990], *lv denied upon reconsideration* 76 NY2d 893 [1990]), as well as the overwhelming evidence of guilt. We have considered and rejected defendant's assertion that harmless error analysis is inapplicable (*see People v Clyde*, 18 NY3d 145, 153 [2011], *cert denied* 566 US —, 132 S Ct 1921 [2012]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.

Motion to hold appeal in abeyance denied.