◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR WHITE, Appellant. [61 NYS3d 603]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 9, 2014, convicting him of criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing (Lopez, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order dated March 30, 2016, this Court remitted the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to suppress physical evidence, and held the appeal in abeyance in the interim (*see People v White*, 137 AD3d 1311 [2016]). The Supreme Court, Queens County (Paynter, J.), has now filed its report.

Ordered that the judgment is affirmed.

On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (*People v Whitehurst*, 25 NY2d 389, 391 [1969] [emphasis omitted]; *see People v Blinker*, 80 AD3d 619 [2011]; *People v Hernandez*, 40 AD3d

777, 778 [2007]; *People v Thomas*, 291 AD2d 462, 463 [2002]; *People v Quinones*, 61 AD2d 765 [1978]). The defendant, however, "bears the ultimate burden of proving, by a preponderance of the credible evidence, that the evidence should not be used against him" (*People v Thomas*, 291 AD2d at 463; *see People v Berrios*, 28 NY2d 361, 367 [1971]; *People v Whitehurst*, 25 NY2d at 391). "The factual findings and credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Baliukonis*, 35 AD3d 626, 627 [2006]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Blinker*, 80 AD3d 619 [2011]; *People v Johnson*, 79 AD3d 905 [2010]; *People v Castro*, 73 AD3d 800, 800-801 [2010]; *People v Shackleford*, 57 AD3d 578 [2008]).

Here, the Supreme Court properly determined that the People met their burden of establishing the legality of the police conduct by adducing evidence that the police officers were performing a routine neighborhood patrol in an unmarked vehicle, that they did not in any way interfere with the defendant, and that they observed the defendant throw a plastic bag containing a white substance to the ground and then begin to jog away as they approached his location. Property which is abandoned is outside the protection of constitutional provisions (*see People v Howard*, 50 NY2d 583, 592-593 [1980]; *People v Pittman*, 14 NY2d 885 [1964]), since a purposeful divestment of possession of the property, which is not precipitated by unlawful police conduct, forfeits any expectation of privacy in the property (*see People v Ramirez-Portoreal*, 88 NY2d 99, 110-111 [1996]). The court properly determined that the defendant abandoned the contraband in this case and therefore had no standing to contest its subsequent seizure, since he failed to demonstrate that he threw the item away in response to any unlawful police conduct.

The defendant's challenge to the credibility of the police officers who testified at the hearing is unavailing, as the few minor discrepancies in the police testimony were fully explored at the hearing, and there is no basis upon which to disturb the Supreme Court's credibility determinations. In this regard, the court also properly declined to issue a subpoena seeking the production of the narcotics and packaging recovered in this case in order to establish the size of the object thrown by the defendant. The court was made aware of the minor inconsistency in the testimony of two police officers regarding the size of the discarded contraband, and an adequate record existed

for the court to resolve the material issue at the hearing— whether the defendant abandoned the narcotics as the police testified (*see People v Gaines*, 232 AD2d 328 [1996]; *People v Sioba*, 187 AD2d 317 [1992]). Thus, the production of the seized evidence would not have served any valid purpose, and the court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's contention that he was deprived of a fair trial by comments the prosecutor made on summation is unpreserved for appellate review (*see* CPL 470.05 [2]) because the defendant either failed to object to the challenged comments, made only general objections, or failed to request additional relief when an objection was sustained (*see People v Romero*, 7 NY3d 911 [2006]; *People v Then*, 128 AD3d 864 [2015], *affd* 28 NY3d 1170 [2017]; *People v Salnave*, 41 AD3d 872 [2007]). In any event, the remarks he now challenges were responsive to the defense summation or constituted fair comment on the evidence or inferences drawn therefrom (*see People v Ashwal*, 39 NY2d 105 [1976]; *People v Fuhrtz*, 115 AD3d 760 [2014]; *People v Birot*, 99 AD3d 933 [2012]; *People v Guevara-Carrero*, 92 AD3d 693 [2012]). Accordingly, the defendant's contention that he was denied a fair trial is without merit. Mastro, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.