■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARNOLD MOYE, Appellant. [61 NYS3d 897]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered November 10, 2015, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 11 years, with five years' postrelease supervision, unanimously affirmed.

Viewed as a whole, including the supplemental instructions, we find that the court's instructions conveyed the correct standard on the crime of first-degree robbery, including the element of the threatened use of a dangerous instrument (*see* Penal Law § 160.15 [3]; *People v Ladd*, 89 NY2d 893, 895-896 [1996]; *see also People v Melendez*, 242 AD2d 493, 494 [1st Dept 1997]). The court properly explained that display of an instrument alone is not enough, and that display of the instrument must be accompanied by circumstances that convey a threat of immediate use (*see People v Pena*, 50 NY2d 400, 407 n 2 [1980], *cert denied* 449 US 1087 [1981]; *People v Sharma*, 112 AD3d 494, 495 [1st Dept 2013], *lv denied* 23 NY3d 1025 [2014]).

The positioning of a court officer behind defendant when he testified was minimally intrusive and did not deprive defendant of a fair trial (*see People v Gamble*, 18 NY3d 386, 397 [2012]). In any event, if there was error involving the court's decision on courtroom security, it was harmless given the overwhelming evidence of guilt (*see People v Clyde*, 18 NY3d 145, 153-154 [2011], *cert denied* 566 US 944 [2012]; *People v Lucas*, 131 AD3d 875, 876 [1st Dept 2015], *lv denied* 26 NY3d 1090 [2015]).

We perceive no basis for reducing the sentence. Concur— Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.