People v Howard (2018 NY Slip Op 00893)





People v Howard


2018 NY Slip Op 00893


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Renwick, J.P., Manzanet-Daniels, Andrias, Kapnick, Moulton, JJ.


3333/13 5635 5634

[*1]The People of the State of New York, Respondent,
v
James Howard, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered May 19, 2015, as amended May 19, 2016, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 5 years, unanimously affirmed.
The court providently exercised its discretion when it precluded defendant from cross-examining the police witnesses about a civil lawsuit he had filed against them after his arrest, in which he claimed that they used excessive force in making the instant arrest. The ruling did not deprive defendant of his right to cross-examine witnesses and present a defense (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). Defendant did not seek to cross-examine the officers about the underlying facts of the lawsuit (see People v Smith, 27 NY3d 652 [2016]), which are essentially the same facts litigated at this trial, but about the lawsuit itself. Defendant has not demonstrated a "good faith basis" for the proposed cross-examination (People v Spencer, 20 NY3d 954, 956 [2012]). The principal defense theory was that the officers' account of this arrest was false from its inception. Defendant's contention that the onset of the lawsuit gave the officers a new motive to create an even more fabricated version of the incident, because the officers had now acquired an incentive to insulate themselves from civil liability, is speculative and unsupported. Furthermore, any probative value would have been outweighed by the prejudicial effect of potentially misleading the jury about the significance of the lawsuit. Among other things, the jurors might not have been familiar with the effect of indemnification under General Municipal Law § 50-k on the officers' alleged "financial interest" in the case.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those relating to the injured officer's descriptions of his level of pain (see People v Guidice, 83 NY2d 630, 636 [1994]). The element of physical injury was satisfied by proof showing that the officer required a suture to the cut on his hand as well as pain medication, and that he experienced pain and tenderness the following two weeks, which prevented him from writing and grabbing with his thumb (see e.g. People v Moye, 81 AD3d 408 [1st Dept 2011], lv denied 16 NY3d 861 [2011]; People v Smith, 283 AD2d 208 [1st Dept 2001], lv denied 96 NY2d 907 [2001]; People v Marsh, 264 AD2d 647 [1st Dept 1999], lv denied 94 NY2d 825 [1999]). The jury could have reasonably found that this cut went beyond mere "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]), and that it caused "more than slight or trivial pain" (People v Chiddick, 8 NY3d 445, 447 [2007]). We find it unnecessary to address other forms of injury that the officer may have sustained.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal [*2]because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We perceive no basis for directing, in the interest of justice, that defendant's sentence be served concurrently with his sentence on his robbery conviction. Notably, we have already rejected defendant's request for similar relief on his appeal from the robbery conviction (People v Moye, 154 AD3d 546 [1st Dept 2017]), and we see no reason to depart from that determination.
Defendant's remaining contentions, including his challenges to the People's summation, are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that none of these arguments warrants reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK