People v Phipps (2019 NY Slip Op 00310)





People v Phipps


2019 NY Slip Op 00310


Decided on January 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-09949
 (Ind. No. 621/14)

[*1]The People of the State of New York, respondent,
v
Danny P. Phipps, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, Deborah E. Wassel, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered September 16, 2015, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, assault in the second degree, criminal impersonation in the second degree, unlawful imprisonment in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Barry A. Schwartz, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress the contents of plastic bags recovered from the ground near where the defendant was taken into custody, as the evidence at the suppression hearing established that the bags had been abandoned by the defendant (see People v Ramirez-Portoreal, 88 NY2d 99, 108; People v White, 153 AD3d 1369; People v Brown, 52 AD3d 943, 945-946; People v Oliver, 39 AD3d 880, 880-881). Accordingly, the defendant lacked standing to contest the officers' seizure and subsequent search of the bags (see People v White, 153 AD3d 1369; People v Oliver, 39 AD3d at 880-881).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by an improper remark made by the Supreme Court to prospective jurors [*2]during voir dire (see CPL 470.05[2]; People v Porter, 153 AD3d 857, 857-858; People v Gomez, 153 AD3d 724, 725; People v Dudley, 151 AD3d 878, 879). Contrary to the defendant's contention, the court's remark did not constitute a mode of proceedings error exempt from the rules of preservation (see People v Porter, 153 AD3d at 857-858; People v Dudley, 151 AD3d at 879). In any event, the court's remark, while inappropriate, does not warrant reversal (see People v Porter, 153 AD3d at 857-858; People v Gomez, 153 AD3d at 725; People v Dudley, 151 AD3d at 879). The defendant also failed to preserve for appellate review his contention that the prosecutor committed misconduct by failing to correct a portion of a witness's testimony that was purportedly false (see People v Golson, 93 AD3d 1218). In any event, the purportedly false testimony was not material (see People v Reckovic, 100 AD3d 427, 428), and any error was harmless (see People v Steadman, 82 NY2d 1,9; People v Crimmins, 36 NY2d 230, 242). Moreover, the cumulative effect of the two errors does not require reversal.
The defendant failed to preserve for appellate review his contention that comments by the Supreme Court relating to his purported disruptive behavior while representing himself pro se deprived him of the right to represent himself (see People v Lucas, 131 AD3d 875, 876). In any event, the court's comments, made outside the jury's presence, were in furtherance of maintaining order and decorum in the courtroom and did not prejudice the defendant's ability to represent himself (see id. at 876).
We agree with the Supreme Court's denial of the defendant's request to call additional witnesses. Contrary to the defendant's contention in his pro se supplemental brief, the defendant "failed to make a sufficient offer of proof that the proposed testimony was relevant, offered in good faith, and not cumulative of other testimony" (People v Greene, 110 AD3d 827, 829).
The defendant expressly waived any objection to not being interviewed by the Department of Probation prior to being sentenced, and therefore, his contention that the matter should be remitted for resentencing after a Department of Probation interview is beyond the scope of appellate review (see People v Lopez, 6 NY3d 248, 255; People v Chavis, 91 NY2d 500, 506). Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
ROMAN, J.P., MILLER, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court