People v Worrell (2019 NY Slip Op 02127)





People v Worrell


2019 NY Slip Op 02127


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2013-06446
 (Ind. No. 1486/12)

[*1]The People of the State of New York, respondent,
v
Ekins Worrell, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Vinnette K. Campbell of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J.), rendered May 30, 2013, convicting him of promoting a sexual performance by a child (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Deborah Stevens Modica, J.), without a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant and his separate motion to suppress physical evidence on the ground that it was the product of an unlawful search by police. By decision and order dated April 27, 2016, this Court remitted the matter to the Supreme Court, Queens County, for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to controvert the search warrant and his separate motion to suppress physical evidence on the ground that it was the product of an unlawful search by police, and held the appeal in abeyance in the interim. The Supreme Court has now filed its report and determination, denying that branch of the defendant's omnibus motion and the separate motion to suppress physical evidence.
ORDERED that the judgment is affirmed.
The defendant was charged in an indictment, inter alia, with promoting a sexual performance by a child, based upon evidence obtained from a computer seized from his home upon the execution of a search warrant. New York City Police Department Detective Damon Gergar, who applied for the warrant, averred in the warrant application that he had used certain software tools to search peer-to-peer file sharing (hereinafter P2P) networks, and ultimately identified an Internet Protocol address registered to the defendant's home as having shared files that depicted child pornography on a P2P network.
The defendant filed an omnibus motion, inter alia, to controvert the search warrant, and later separately moved to suppress physical evidence on the ground that it was the product of an unlawful, warrantless search by police. As to the latter motion, the defendant argued that detective Gergar's act of searching for and downloading files from the defendant's computer using a P2P network, before applying for a warrant, constituted an unlawful search. The Supreme Court [*2]summarily denied both motions. The defendant thereafter pleaded guilty to two counts of promoting a sexual performance by a child, and sentence was imposed. The defendant then appealed from the judgment.
By decision and order dated April 27, 2016, this Court, upon concluding that the defendant's purported waiver of his right to appeal was invalid, remitted the matter for a hearing and a new determination thereafter of that branch of the defendant's omnibus motion which was to controvert the search warrant and his separate motion to suppress physical evidence (see People v Worrell, 138 AD3d 1154). The appeal was held in abeyance in the interim. The Supreme Court has now filed its report and determination, denying that branch of the defendant's omnibus motion and the separate motion to suppress physical evidence.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v White, 153 AD3d 1369). The defendant bears the ultimate burden of proving that the evidence should not be used against him (see People v Berrios, 28 NY2d 361, 367; People v White, 153 AD3d at 1370).
Neither the Federal nor the State Constitutions prohibit the warrantless search or seizure of items or information in which an individual has no reasonable expectation of privacy (see California v Greenwood, 486 US 35, 39; Katz v United States, 389 US 347, 351; People v Bushey, 29 NY3d 158, 163-164; People v Crump, 125 AD3d 999, 1000). An individual has a constitutionally cognizable privacy interest where he or she has demonstrated a subjective expectation of privacy that society accepts as objectively reasonable (see California v Greenwood, 486 US at 39; People v Bushey, 29 NY3d at 161; People v Weaver, 12 NY3d 433, 439).
Here, the People met their burden of going forward by presenting evidence that the defendant had no reasonable expectation of privacy in the downloaded files. Specifically, the People demonstrated, through testimony regarding the functioning of P2P networks and P2P software, that the files that Gergar searched and downloaded from the defendant's computer were accessible to anyone who had downloaded P2P software for free off of the Internet. Despite any subjective expectation the defendant may have held regarding the privacy of his files, an individual does not have an objectively reasonable expectation of privacy in computer files stored in such a broadly accessible manner on a network, the very purpose of which is to permit such sharing of files between users (see United States v Borowy, 595 F3d 1045 [9th Cir]; United States v Stults, 575 F3d 834 [8th Cir]; United States v Ganoe, 538 F3d 1117 [9th Cir]; see also United States v Perrine, 518 F3d 1196 [10th Cir]; cf. People v Bushey, 29 NY3d at 161-162 ["a driver does not have any reasonable expectation of privacy in [a] license plate number . . . nor would any expectation in such publicly exposed information be recognized as reasonable by society"]).
Further, contrary to the defendant's contention, the fact that detective Gergar downloaded the images using a version of P2P software available only to law enforcement officials did not prevent the People from meeting their burden of going forward. The witnesses at the hearing thoroughly explained how P2P networks and software function, and through that testimony demonstrated that the subject files were available for download by any other user of the P2P network, including those using publicly available P2P software. The defendant did not produce any evidence demonstrating that the files were not, in fact, accessible by all other users of the P2P network so as to meet his ultimate burden.
Accordingly, we agree with the Supreme Court's denial of the defendant's motion to suppress the physical evidence.
We also agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to controvert the search warrant. Subsequent to the ex parte issuance of a search warrant, a defendant is entitled to challenge the truthfulness of factual statements made in an affidavit supporting the warrant (see Franks v Delaware, 438 US 154, 155). If, at a hearing, a defendant demonstrates by a preponderance of the evidence that the affiant made a false statement [*3]knowingly and intentionally, or with reckless disregard for the truth, and that the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search suppressed (see id. at 155, 156). Here, the defendant failed to meet that burden because, at a minimum, none of the allegedly false statements he identifies were necessary to the probable cause finding.
BALKIN, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court