People v Houston (2019 NY Slip Op 08425)





People v Houston


2019 NY Slip Op 08425


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2012-01989
 (Ind. No. 2546/06)

[*1]The People of the State of New York, respondent,
v
Tyrone Houston, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew D'Emic, J.), rendered February 8, 2012, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v Worrell, 170 AD3d 1048, 1050; People v White, 153 AD3d 1369). The defendant bears the ultimate burden of proving that the evidence should not be used against him (see People v Berrios, 28 NY2d 361, 367; People v Worrell, 170 AD3d at 1050; People v White, 153 AD3d at 1370).
At the suppression hearing, the officer who arrested the defendant testified that he observed the defendant in the subway urinating on the platform. The officer approached the defendant, who had finished urinating and had placed his hands in his pockets. As the officer approached, displaying his shield, the defendant began walking toward him with his hands in his pockets. Feeling "uncomfortable," the officer asked the defendant to identify himself and remove his hands from his pockets. The officer then asked the defendant whether he had ever been arrested, and the defendant replied that he was on parole for robbery. The officer, for safety reasons, asked the defendant whether he had "anything on him" that the officer should know about, and the defendant produced a "short knife" from his right pocket and handed it to the officer. The officer then handcuffed the defendant and, upon frisking him, found a larger kitchen knife in a different pocket.
As a threshold matter, we note that the defendant's voluntary relinquishment of the first knife was in response to a police inquiry requiring only a founded suspicion of criminality (see People v Garcia, 20 NY3d 317; People v Simmons, 79 AD3d 431, 432; People v Joseph, 38 AD3d [*2]403, 404) or a reasonable fear for the officer's safety (see People v Correa, 77 AD3d 555; People v Stevenson, 7 AD3d 820, 821), and the defendant does not challenge the lawfulness of that inquiry on appeal. Thus, the only question before us is whether the officer's testimony was credible.
The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Guzman, 175 AD3d 564; People v Hobson, 111 AD3d 958, 959). Here, we do not find that inconsistencies between the arresting officer's testimony and his underlying paperwork were of such magnitude as to render his testimony incredible or unreliable (see People v Bessard, 80 AD3d 773, 774). Thus, we see no reason to disturb the hearing court's credibility findings.
Since the defendant voluntarily relinquished the first knife (see People v Ortiz, 87 AD3d 602, 603), and the second knife was subsequently recovered during a lawful search incident to an arrest (see Matter of Jamal S., 28 NY3d 92, 97; People v Burris, 164 AD3d 821, 823), we agree with the hearing court's determination denying that branch of the defendant's omnibus motion which was to suppress the knives.
The defendant further contends, in his pro se supplemental brief, that his counsel was ineffective for failing to make a speedy trial motion. To the extent this contention can be construed as relating to the plea bargaining process, so as to survive the guilty plea (see People v Nugent, 109 AD3d 625, 626), it cannot be reviewed because the defendant has failed to provide a record sufficient to determine the merits of the underlying speedy trial claim (see People v Thomas, 46 AD3d 712, 712-713; see also People v Chander, 140 AD3d 1181, 1183; People v Adamson, 131 AD3d 701, 703).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court