# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 79
The People &c.,
      Respondent,
   v.
Everett D. Balkman,
      Appellant.

Janet C. Somes, for appellant.
Lisa Gray, for respondent.

FEINMAN, J.:

A police officer stopped a vehicle because his patrol car's mobile data terminal (MDT) notified him that there was a "similarity hit," indicating that something was similar about the registered owner of the vehicle and a person with an outstanding warrant. After

- 1 -

observing a chrome handgun on the floor of the front passenger seat where defendant was sitting, the officer arrested defendant, who was neither the registered owner of the vehicle nor the person with the warrant. Defendant moved to suppress the evidence obtained from the stop. Because the People failed to meet their burden to come forward with evidence sufficient to establish that the stop was lawful, that motion should have been granted.

At the suppression hearing below, the officer testified that, while on patrol at approximately 4:10 a.m. in Rochester, he observed a red Chevrolet and, as part of his "routine behavior," manually entered its plate number in his patrol car's MDT. The MDT runs plate numbers through a Department of Motor Vehicles database, returns information on the vehicle's registration and inspection, and further details whether the registered owner has an outstanding arrest warrant or order of protection. Here, the MDT notified the officer of a "similarity hit," that is, that there was some similarity between the vehicle's registered owner and a person with a warrant from the City of Rochester. According to the officer, a "similarity hit" is generated "based on the name of the registered owner, the date of birth[,] and other aliases." He testified that the system considers "certain parameters" when identifying "similarity hits," but he did not know how the Department of Motor Vehicles set those parameters. Nor did he testify as to any specifics of this match.

Acting on the unspecified information he reviewed on the MDT, without more, the officer pulled over the driver of the vehicle. He requested the driver's identification and inquired about the owner of the vehicle. At this point, the officer did not think that the driver was the subject of the "similarity hit" because the driver was female and the registered owner was male. As the officer stepped around the vehicle to look at the

registration and inspection stickers, he spotted a handgun on the floor under the front passenger seat, in which defendant was sitting. After defendant was arrested, the officer checked the MDT information and discovered that the person with the warrant did not, in fact, match the vehicle's registered owner or anyone else in the vehicle. The officer did not testify as to the name, date of birth, or address of the registered owner, or provide the specific identifying facts of the person set forth in the arrest warrant.

County Court denied defendant's motion to suppress the evidence obtained from the stop. The Appellate Division affirmed (170 AD3d 1678 [4th Dept 2019]), and a Judge of this Court granted leave to appeal (34 NY3d 949 [2019]). We now reverse.

Defendant's motion to suppress the evidence obtained from the vehicle stop specifically challenged the sufficiency of the factual predicate for the stop. In the face of that sufficiency challenge, the burden is on the People to come forward with evidence sufficient to establish that the stop was lawful (*see e.g. People v Dodt*, 61 NY2d 408, 415 [1984]; *People v Lypka*, 36 NY2d 210, 214 [1975]). As relevant here, a vehicle stop is lawful if based on a reasonable suspicion that the driver or occupants of the vehicle have committed, are committing, or are about to commit a crime (*People v Hinshaw*, __ NY3d __, 2020 NY Slip Op 04816, *2 [2020]). "A stop based on reasonable suspicion will be upheld so long as the intruding officer can point to specific and articulable facts which, along with any logical deductions, reasonably prompted the intrusion" (*People v Brannon*, 16 NY3d 596, 602 [2011] [internal quotation and alteration marks omitted]). Although, ordinarily, a determination of reasonable suspicion involves questions of fact or mixed questions of law and fact—which is beyond our review powers if supported by evidence

in the record—the question of whether the People's evidence meets the "minimum showing necessary" to establish reasonable suspicion presents a question of law (*People v McRay*, 51 NY2d 594, 601 [1980]).

While information generated by running a license-plate number through a government database may provide police with reasonable suspicion to stop a vehicle (*see People v Bushey*, 29 NY3d 158, 160 [2017]), the information's sufficiency to establish reasonable suspicion is not presumed (*see Dodt*, 61 NY2d at 416). Thus, when police stop a vehicle based solely on such information, and the defendant, as here, challenges its sufficiency, the People must present evidence of the content of the information (*see id.*). In *Dodt*, for example, we held that the People's probable-cause showing was insufficient because they failed to offer evidence of the content of the teletype communication upon which the police relied to arrest the defendant (*id.* at 412). The officer there stopped and arrested the defendant based on a description of him and his car in a teletype communication the officer received (*id.* at 412-413). While the officer testified that the teletype included a "general physical description of the subject," there was no evidence of what that description was (*id.* at 413). We explained that, "[w]here an arrest or search is made without a warrant, the reviewing court must be supplied with the description upon which the police acted and sufficient evidence to make its own independent determination of whether the person arrested or the item seized reasonably fit that description" (*id.* at 415). Therefore, when the police act based on a teletype communication, "the prosecution's burden is not discharged absent proof regarding the contents of the communication received" (*id.* at 416). Specifically, we held that, with no evidence of the

physical description contained in the teletype, or of defendant's appearance at the time of arrest, the hearing judge had no basis upon which to reach a conclusion that there was probable cause for the arrest (*see id.*).

The reasoning of *Dodt* applies with equal force here. The People presented no evidence about the content of the "similarity hit"—neither what particular data of the registered owner of the vehicle and the person with the warrant matched, nor what kinds of data matches, in general, result in "similarity hits." Without such evidence, the suppression court could not independently evaluate whether the officer had reasonable suspicion to make the stop.

Accordingly, the Appellate Division order should be reversed, defendant's motion to suppress granted and the indictment dismissed.

Order reversed, defendant's motion to suppress granted and indictment dismissed. Opinion by Judge Feinman. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Wilson concur.

Decided November 19, 2020